(Nos. 87-CC-0408, 87-CC-0409, 87-CC-2593 cons.—

EFFINGHAM BUILDERS SUPPLY and FIRST NATIONAL BANK OF DIETERICH, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Order on stipulation and motion for summary judgment filed May 23, 1988.*

*Order on motion to amend stipulation and order filed June 17, 1988.*

PARKER, SIEMER, AUSTIN, RESCH & RESCH, for Claimant Effingham Builders Supply.

EATON & EATON, for Claimant First National Bank of Dieterich.

NEIL F. HARTIGAN, Attorney General (CHRISTINE ZEMAN, Assistant Attorney General, of counsel), for Respondent.

## ORDER ON STIPULATION AND MOTION
## FOR SUMMARY JUDGMENT

MONTANA, C.J.

This cause comes on to be heard on the Respondent's stipulation and motion for summary judgment, due notice having been given and no objection having been raised, and the Court being advised;

The Court hereby finds:

1. Respondent, State of Illinois, has responded to these claims.

2. In regard to the claim made in 87-CC-0408, Respondent admits that F & H Construction Company has completed the work on CDB Project No. 291-200-027. Respondent further admits that but for other claims for these same monies, $18,645.25 would be due and owing F & H Construction Company. In fiscal year 1984, $18,645.25 lapsed for this project.

3. Ray Kabbes, d/b/a Effingham Builders Supply seeks $8,893.87 against this lapsed amount in 87-CC-0408; First National Bank of Dieterich seeks $18,645.25 against this same lapsed amount in 87-CC-2593.

4. In addition the following parties are listed in count VII of First National Bank of Dieterich's complaint as also seeking some or all of the same funds: William Flach, d/b/a F & H Construction Company, First National Bank of Effingham, R.W. Bradley, Jeff Stone and Nick Flach, d/b/a F & S Painting, and Norm's Glass & Painting, Inc. The same parties are known to Respondent as seeking some or all of the funds claimed in 87-CC-0408 and count VII of 87-CC-2593.

5. In regard to the claim made in 87-CC-0409, Respondent admits that F & H Construction Company

has completed the work on CDB Project No. 120-003-001. Respondent further admits that but for other claims for these same monies, $25,188.74 would be due and owing F & H Construction Company. In fiscal year 1984, $22,994.42 lapsed and $1,097.16 lapsed in fiscal year 1985, for a total lapsed amount of $24,091.58.

6. Ray Kabbes, d/b/a Effingham Builders Supply seeks $3,251.26 against this lapsed amount in 87-CC-0409; First National Bank of Dieterich seeks $25,188.74 against this same lapsed amount in count III of 87-CC-2593.

7. In addition, the following parties are listed in count III of First National Bank of Dieterich's complaint as also seeking some or all of the same funds: First National Bank of Effingham, William Flach, d/b/a F & H Construction Company, and Bacon's Painting & Construction Company. The same parties are known to Respondent as seeking some or all of the funds claimed in 87-CC-0409 and count III of 87-CC-2593.

8. In regard to count I of 87-CC-2593, Respondent admits that F & H Construction Company has completed the work on CDB Project No. 102-416-014. Respondent further admits that but for other claims for these same monies, $8,000.25 would be due and owing F & H Construction Company. In fiscal year 1986, $8,000.25 lapsed for this project.

9. In addition, the following parties are listed in count I of 87-CC-2593, First National Bank of Dieterich's complaint as also seeking some or all of the same funds; First National Bank of Effingham, William Flach, d/b/a F & H Construction Company, and Dale Harris. The same parties are known to Respondent as seeking some or all of the funds claimed in count I of 87-CC-2593.

10. In regard to the count II of 87-CC-2593, CDB project No. 102-522-013, no money lapsed for this project.

11. In regard to the count IV of 87-CC-2593, Respondent admits that F & H Construction Company has completed the work on CDB project No. 120-260-012. Respondent further admits that but for other claims for these same monies, $12,955.48 would be due and owing F & H Construction Company. In fiscal year 1983, $8,316.48 lapsed and $4,639.00 lapsed in fiscal year 1984, for a total lapsed amount of $12,955.48.

12. In addition, the following parties are listed in count IV of First National Bank of Dieterich's complaint as also seeking some or all of the same funds; Norm's Glass & Paint, Inc., First National Bank of Effingham, and William Flach, d/b/a F & H Construction Company. The same parties are known to Respondent as seeking some or all of the funds claimed in count IV of 87-CC-2593.

13. In regard to count V made in 87-CC-2593, Respondent admits that F & H Construction Company has completed the work on CDB project No. 120-270-012. However, no monies lapsed. (A warrant for $6,745.43 was issued to F & H Construction Company for this project; this warrant remains in the possession of Respondent CDB but it was issued more than three years ago.)

14. In regard to count VI made in 87-CC-2593, Respondent admits that F & H Construction Company has completed the work on CDB project No. 120-270-013. Respondent further admits that but for other claims for these same monies, $12,519.48 would be due and owing F & H Construction Company. In fiscal year

1983, $8,371.48 lapsed and $4,148.00 lapsed in fiscal year 1984, for a total lapsed amount of $12,519.48.

15. In addition, the following parties are listed in count VI of First National Bank of Dieterich's complaint as also seeking some or all of the same funds: First National Bank of Effingham, William Flach, d/b/a F & H Construction Company, and Norm's Glass & Paint, Inc. The same parties are known to Respondent as seeking some or all of the funds claimed in count IV of 87-CC-2593.

16. In addition, Allied Fidelity Company was the surety on all of these projects; Allied Fidelity has since been liquidated by the Commissioner of Insurance of the State of Indiana.

17. As is indicated in 87-CC-2593 and by the departmental reports filed in 87-CC-0408, 87-CC-0409, and 87-CC-2593 there are competing Claimants seeking the sums identified above.

18. Not all competing Claimants have filed with the Court of Claims and this Court will not have jurisdiction over any competing Claimant which does not avail itself of the Court's jurisdiction.

19. Respondent has filed an interpleader action in circuit court in Effingham County and asks the court to determine the proper distribution of the funds. The circuit court will have the benefit of having jurisdiction over all the parties and will have the authority to enjoin the named parties from filing suits concerning these funds in any other forum.

20. Respondent has recommended that the Court award the funds specified below with directions to the comptroller to pay the funds into the circuit court in

which the interpleader is filed, for distribution by the circuit court.

21. Respondent has asked the Court to order the comptroller to reissue the warrant for $6,745.43 described in paragraph No. 12 above and to direct the comptroller to pay that amount into the circuit court in which the interpleader is filed.

22. The funds to be awarded in full and final satisfaction of these claims are:

| 87-CC-0408 | $18,645.25 | 011-45402-1900-00-83-84 | |
| 87-CC-0409 | 25,188.74 | 001-42601-1900-01-83-84 | $24,091.58 |
| | | 141-51125-6600-82-84-85 | $ 1,097.16 |
| 87-CC-2593 | 33,475.21 | 141-51122-6600-21-81-86 | $ 8,000.25 |
| | | 001-42611-1900-00-00-84 | $ 4,639.00 |
| | | 001-42617-1900-00-00-84 | $ 4,148.00 |
| | | 001-42601-1900-00-00-83 | $16,687.96 |
| TOTAL: | $77,309.20 | | |

Based on the above, it is hereby ordered as follows:

1. Count II of Claim No. 87-CC-2593 is denied.

2. Those amounts specified in paragraph 22 above are hereby awarded and should be paid with the funds indicated.

3. With respect to the previously issued warrant, we decline to order the comptroller to reissue it. The warrant was drawn on the Capital Development Board bond fund. By this time those monies have reverted to the State's general revenue fund. The warrant is stale and can no longer be cashed or replaced. We award the sum of $6,745.43 payable from general revenue fund monies.

4. The awards made herein are to be paid into the circuit court of the fourth judicial circuit in Effingham County, Illinois, for distribution by that court in the

interpleader action pending there under People ex rel. Peters v. Flach (No. 87-CH-21).

## ORDER ON MOTION TO AMEND
## STIPULATION AND ORDER

MONTANA, C.J.

This cause coming on to be heard on Respondent's motion to amend stipulation and order so as to correct paragraph 22 thereof to accurately reflect the total lapsed balance for line item appropriation No. 001-42601-1900-01-83-84 and the total lapsed balance available for satisfaction of claims made against the Harrisburg Youth Center Project; CDB project No. 120-003-001, and the Court being fully advised, it is hereby ordered that paragraph 22 of the stipulation and paragraph 22 of the order entered May 23, 1988, are amended to read as follows:

| | | | |
|---|---|---|---|
| 87-CC-0408 | $18,645.25 | (011-45402-1900-00-83-84) | |
| 87-CC-0409 | 24,091.58 | (001-42601-1900-01-83-84)— | $22,994.42 |
| | | (141-51125-6600-82-84-85)— | $ 1,097.16 |
| 87-CC-2593 | 33,475.21 | (141-51122-6600-21-81-86)— | $ 8,000.25 |
| | | (001-42611-1900-00-00-84)— | $ 4,639.00 |
| | | (001-42617-1900-00-00-84)— | $ 4,148.00 |
| | | (001-42601-1900-00-00-83)— | $16,687.96 |
| TOTAL: | $76,212.04 | | |